NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000909
29-NOV-2013
12:40 PM**

NO. CAAP-13-0000909

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF
HYON SUK HUGHES, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 10-1-0283)

ORDER GRANTING MOTION TO DISMISS
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon consideration of (1) "Appellee Soo Chun Pak's Motion to Dismiss Appeal" (Motion to Dismiss) filed on October 3, 2013, (2) "[Appellant Robert W. Fritz's (Fritz)] Motion for Leave to file Late Response to [the Motion to Dismiss]" (Motion to File Late Response) filed on October 23, 2013, and (3) "[Fritz's] Memorandum Regarding [the Motion to Dismiss]" filed on October 23, 2013, the papers in support, and the record, it appears that we lack jurisdiction over the appeal that Fritz has asserted from the Honorable Patrick W. Border's January 16, 2013 "Order Regarding Personal Representative Soo Chun Pak's Motions Filed October 4, 2012" (January 16, 2013 Order) because it is not independently appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 34(a) of the Hawai'i Probate Rules (HPR), and Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP).

HRS § 641-1(a) expressly authorizes appeals from civil circuit court final judgments, orders, or decrees. Appeals under

HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The relevant rule of the probate court, HPR Rule 34(a), provides as follows.

> **Rule 34. Entry of Judgment, interlocutory orders, appeals.**
>
> (a) *Entry of Judgment*. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. <u>Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure</u>.
>
> (b) *Interlocutory Orders*. <u>In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes</u>.
>
> (c) *Final Judgment Closing Proceeding*. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) *Appeals*. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "[HPR] Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Commentary to HPR Rule 34 in Michie's Court Rules (2013).

Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP

2

Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

Although the circuit court (rather than the probate court) entered the January 16, 2013 Order, HPR Rule 20(f) provides that whenever a probate court assigns a contested matter to the circuit court civil calendar, "[a]n order resolving the issues in a contested matter shall be reduced to judgment in accordance with Rule 34 of these rules and may be appealed as provided therein."

The January 16, 2013 Order did not finally end the probate proceeding in Probate No. 10-1-0283. See HPR Rule 34(c). Thus, under the requirements for an appealable HPR Rule 34 judgment, the January 16, 2013 Order would be appealable only if it were "certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure," HPR Rule 34(a), and reduced to an HRCP Rule 54(b)-certified judgment, Oppenheimer, 77 Hawai'i at 93, 881 P.2d at 1239. It was not 54(b)-certified.

Further, the January 16, 2013 Order is not appealable pursuant to HPR Rule 34(b) because it was not certified for appeal pursuant to § 641-1(b). See HPR Rule 34(b).

Although common-law exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the January 16, 2013 Order does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

Consequently, the January 16, 2013 Order is ineligible for appellate review under HRS § 641-1 and HPR Rule 34. Absent an appealable final judgment, this appeal is premature, and we lack appellate jurisdiction over this case.

THEREFORE, IT IS HEREBY ORDERED that Motion to File Late Response is granted.

IT IS FURTHER ORDERED that the Motion to Dismiss is granted and the appeal is dismissed for lack of appellate jurisdiction.  All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, November 29, 2013.


On the motions:

Michael T.I. Kim
for Soo Chun Pak,
Appellee

Mark S. Kawata
for Robert W. Fritz,
Appellant

Chief Judge

Associate Judge

Associate Judge

4